# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **DANIEL MONK,** | ) | CASE NO. 3:18CV2941 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| **DAVID GRAY, Warden,** | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter comes before the Court on Petitioner's Daniel Monk's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (Doc. 1). For the following reasons, the Court **ADOPTS AND ACCEPTS** the Magistrate Judge's Report and Recommendation, **GRANTS** Respondent's Motion to Dismiss and **DISMISSES** Petitioner's Petition as time-barred.

### FACTS

The following is a procedural synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated herein, provides a more complete and detailed discussion.

In August of 2015, Petitioner pleaded guilty to an indictment filed against him in Allen County, Ohio. For these actions, the State court sentenced Petitioner to forty-eight years in prison. Petitioner appealed this decision through counsel. Appellate counsel however, sought permission to withdraw from the case and filed a brief pursuant to *Anders v. California*, 386 U.S.

738 (1967). Petitioner never supplemented appellate counsel's brief. The Ohio Court of Appeals affirmed Petitioner's conviction and sentence on March 1, 2016. Petitioner did not appeal this ruling to the Ohio Supreme Court.

On April 25, 2016, Petitioner filed a motion for leave to file notice of delayed appeal with the Court of Appeals. The appellate court denied the motion on May 4, 2016.

Petitioner did not then make another filing until April 16, 2018, when he filed a second motion for leave to file a notice of delayed appeal with the Ohio Court of Appeals. Similarly, the appellate court denied this motion. Petitioner then filed numerous other motions in state court, none of which impact this Court's analysis.

On November 20, 2018, Petitioner mailed his instant Petition for habeas relief. He asserted the following grounds for relief:

> **GROUND ONE:** Defendant was denied his constitutional rights of due process because of his limited mental ability, diminished capacity and temporary insanity. The initial interview violated the Equal Protection Clause of the Fourteenth Amendment (along with analogous State constitutional guarantees) and the lack of opportunity to present diminished capacity defense was in violation of his Fifth Amendment rights (along with analogous State constitutional guarantees).
>
> **GROUND TWO:** The Petitioner's Sixth Amendment to the United States Constitution (along with analogous State constitutional guarantees) rights were violated when [Petitioner] was deprived of the effective assistance of counsel contrary to the State and Federal constitutions.
>
> **GROUND THREE:** Fundamental rights, cruel [and] unusual punishment the treatment of a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment (along with analogous State constitutional guarantees) in its prohibition of cruel and unusual punishments, the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive physical force against prisoners. The Amendment also imposes duties on these officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates.

(Doc. 1, PageID: 11-16).

On January 7, 2019, the Court referred Petitioner's Petition to Magistrate Judge Kathleen Burke for a Report and Recommendation. (Doc. 3). On March 21, 2019, Respondent filed a Motion to Dismiss the Petition as untimely. (Doc. 5). On April 8, 2019, Petitioner's Response to the Motion to Dismiss was docketed. (Doc. 7). On August 5, 2019, the Magistrate Judge issued her Report and Recommendation, in which she recommended that the Court grant Respondent's Motion and dismiss the Petition. (Doc. 8). On September 8, 2019, Petitioner mailed his Objection to the Report and Recommendation. (Doc. 11).

## STANDARD OF REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997). The relevant provisions of the AEDPA state:

> (d)(1) A [one]-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) & (2).

Rule 8(b)(4) of the Rules Governing § 2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## ANALYSIS

The Magistrate Judge determined Petitioner's Petition is barred by the statute of limitations. Specifically, the Magistrate Judge determined the statute of limitations clock began to run on April 16, 2016. Giving Petitioner the benefit of the doubt,[1] the Magistrate Judge then determined that Petitioner had until April 26, 2017 to file his Petition in Federal court. Since Petitioner did not file his Petition until November 20, 2018, his Petition was untimely under § 2244(d)(1)(A). Moreover, the Magistrate Judge determined that there was no State created impediment to justify tolling under § 2244(d)(1)(B).

Petitioner does not object to the Magistrate Judge's determination of time under § 2244(d)(1)(A) or the Magistrate Judge's conclusion that § 2244(b)(1)(B) does not apply. Accordingly, Petitioner does not contest that his Petition is untimely.

Petitioner does object however, to the Magistrate Judge's recommendation concerning equitable tolling. According to Petitioner, he is entitled to equitable tolling. Moreover,

---

[1] The Magistrate Judge presumed the clock was tolled for nine days while the Ohio Appellate Court determined Petitioner's Motion for Leave to File Notice of Delayed Appeal.

Petitioner argues the Court should decide the merits of his claim because of his actual innocence. For the following reasons, Petitioner's arguments lack merit.

**Equitable Tolling**

Equitable tolling allows courts to review time-barred habeas petitions "provided that 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robinson v. Easterling*, 424 Fed. App'x 439, 442 (6th Cir. May 20, 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). A habeas "petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010).

Petitioner relies primarily on the fact that he has limited access to legal resources which are further restricted by the operative hours of the prison. Generally, a litigant's "pro se status and limited law-library access" do not affect a court's equitable tolling analysis. *Hall v. Warden, Lebanon Correctional Inst.*, 622 F.3d 745, 751 (6th Cir. 2011). While acknowledging this holding, Petitioner asks the Court to "change the precedent of *Hall*." The Court declines to do so. And while Petitioner claims there are "a combination of factors that contributed to his untimely petition" in addition to his pro se-prisoner status, he has not clearly identified those in his Objection.

Rather, Petitioner emphasizes he did not have notice that he had to file his Petition within a certain time. In making this argument, Petitioner relies heavily on the stay-and-abeyance procedure identified in *Hargrove v. Brigano*, 300 F.3d 717 (6th Cir. 2002). In *Hargrove*, the petitioner filed a mixed-petition[2] before the expiration of the statute of limitations. *Hargrove*,

---

[2] A 'mixed-petition' is a habeas petition that presents both exhausted and unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 271 (2005).

300 F.3d at 718. The district court dismissed the petition without prejudice and tolled the statute of limitations while the petitioner exhausted his state-remedies. *Id.* The Sixth Circuit approved this action because it was similar to the stay-and-abeyance procedure approved in *Palmer v. Carlton*, 276 F.3d 777 (6th Cir. 2002). *Id.* at 721. Here, however, the Court is faced with an *untimely* petition rather than a *mixed-petition*. Therefore, the stay-and-abeyance procedure is not appropriate. Petitioner filed his Petition nineteen months late. In order to overcome the statute of limitations, Petitioner must show he is entitled to equitable tolling, which *Hargrove* did not concern itself with. *See Griffin v. Rogers*, 399 F.3d 626, 634-35 (6th Cir. 2005) (*Hargrove* did not actually conduct an equitable tolling analysis). Petitioner's reliance on *Hargrove* and similar case precedents is therefore incorrect.

As the Magistrate Judge rightly focused on, the pertinent timeframe to analyze Petitioner's actions is from April 16, 2016 until April 26, 2017—the relevant statute of limitations period. During that time period, Petitioner made numerous mailings and filings in State court. He was therefore able to use the mail system and could have filed his Petition with this Court. Moreover, Petitioner made additional filings and sent numerous letters after the statute of limitations expired. Yet Petitioner did not file his Petition in this Court until November 20, 2018—almost nineteen months after the expiration period.

Petitioner has not demonstrated extraordinary circumstances to justify his delay in filing his Petition. Accordingly, equitable tolling does not apply and the Petition is time-barred.

**Actual Innocence**

A showing of actual innocence may also satisfy the second prong of the *Holland* test. "[A] petitioner may also be eligible for equitable tolling if he demonstrates actual innocence, so that by refusing to consider his petition due to timeliness the court would cause a fundamental

miscarriage of justice." *Patterson v. Lafler*, 455 Fed. App'x 606, 609 (6th Cir. 2012) (citing *Murray v. Carrier*, 477 U.S. 478, 495096 (1986)). "A valid claim of actual innocence requires 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)) (emphasis supplied). "The evidence must demonstrate factual innocence, not mere legal insufficiency." *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Actual innocence is a rare exception and should only be applied in the extraordinary cases. *Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005).

Petitioner has not demonstrated that his case is an extraordinary case to justify the actual innocence exception. Petitioner challenges the sufficiency of the evidence the State would have presented had he proceeded to trial. He claims that eyewitness testimony is not as reliable as DNA evidence and since the State did not have DNA evidence connecting Petitioner to the crimes, no reasonable juror would have convicted Petitioner in this matter beyond a reasonable doubt.

Petitioner's claim is too attenuated for the actual innocence exception to apply. Petitioner attacks the *quality* of the *current evidence* in the State's possession; he does not present *new evidence* justifying his claim of innocence. Petitioner cannot avoid the statute of limitations by such an argument. Accordingly, Petitioner's claim of actual innocence to justify an exception to the statute of limitations must fail.

**CONCLUSION**

For the foregoing reasons, the Court **ADOPTS AND ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation, **GRANTS** Respondent's Motion to Dismiss and

**DISMISSES** Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody as time-barred.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); FED. R. APP. R. 22(b); Rule 11 of Rules Governing § 2254 Cases.

**IT IS SO ORDERED.**

                                        s/ Christopher A. Boyko
                                        **CHRISTOPHER A. BOYKO**
                                        **Senior United States District Judge**

**Dated: February 24, 2020**